MOXIE BUNTING, d. b., *vs.* CLARA HUDSON, p. b.

JUSTICES OF THE PEACE—DOCKETS—STATEMENT OF CAUSE OF ACTION—
STATUTE.
    Under *Rev. Code* 1915, § 4028, requiring a justice of the peace to set down in his docket "the cause of action" of every action commenced before him, a justice's docket, stating the cause of action as "Assumpsit for $16.08," did not inform defendant of the nature and character of the demand as it did not show whether the action was based on an express or implied promise or contract for the payment of money, delivery of goods, or for any other cause of action within a justice's jurisdiction.

(*February* 6, 1918.)

Judges BOYCE and CONRAD sitting.
*James M. Tunnell* for defendant below.
*Daniel J. Layton, Jr.,* for plaintiff below.
Superior Court, Sussex County, February Term, 1918.

CERTIORARI No. 3, February Term, 1918.

Action before a justice of the peace by Clara Hudson against Moxie Bunting. Judgment for plaintiff, and defendant brings certiorari. On exceptions to the record and proceedings before the justice. Reversed.

The record sent up shows that the justice set down in his docket the cause of action as, "Action on assumpsit for $16.08 is demanded."

The exceptions, in substance, are:

The record does not show (1) the cause of action; (2) that the justice had jurisdiction of the cause of action; and (3) that the justice, as required by the statute, set down in his docket the cause of action.

BOYCE, J.:—*Rev. Code* 1915, §4028, requires every justice of the peace to set down in his docket, among other matters, "the cause of action" of every action commenced before him. The obvious purpose of the requirement is to reasonably inform the defendant of the nature and character of the demand which he is called on to meet or defend. The statement of the cause of action as "assumpsit for $16.08" does not so inform the defendant; for from such statement it does not appear whether the action is based on an express or implied promise, or contract, for the payment of money, delivery of produce, goods, wares or merchandise, or for personal labor, hire or service, or for any other cause of action within the jurisdiction of a justice of the peace. *Crawford v. England*, 2 *Houst.* 171; *Guarantee Fund, etc., v. Henderson*, 3 *Pennewill*, 159, 50 *Atl.* 535; *Ralph, Adm'r., v. Pennel*, 4 *Houst.* 542.

The judgment is reversed.